**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DONALD H. KAMPWERTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No. 4:21-cv-673-SPM |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Donald H. Kampwerth ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

### I.   PROCEDURAL BACKGROUND

In May 2019, Plaintiff applied for SSI, alleging that he had been unable to work since January 2019 due to depression, anxiety, hard of hearing, and "weak joint". (Tr. 305, 403).[2] His

---

[1]      Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      Plaintiff previously applied for disability insurance benefits (DIB) and SSI on three previous occasions. *See* Tr. 243-59 (October 2010 Decision); Tr. 264-83 (September 2012 Decision); Tr. 290-303 (February 2016 Decision).

application was initially denied. (Tr. 325-29). On November 14, 2019, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 331-33). After a hearing, the ALJ issued an unfavorable decision on November 24, 2020. (Tr. 10-23). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 379-81), but the Appeals Council declined to review the case on May 5, 2021. (Tr. 1-3). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to Plaintiff's testimony, medical and vocational records, the Court accepts the facts as set forth in the parties' statements of facts and responses.

## II.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 416.920(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f);

*McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.960(c)(2).

### III.    THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since May 28, 2019, the application date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: rheumatoid arthritis (RA), major depressive disorder, and schizophrenia. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 13).

The ALJ found that Plaintiff had the following RFC:

[Plaintiff can] perform light work as defined in 20 [C.F.R. §] 416.967(b) except he can never climb ladders, ropes, or scaffolds, and only occasionally climb ramps and stairs. [Plaintiff] can occasionally balance on uneven terrain, but is unlimited in balancing while standing and walking on even or level terrain. He can occasionally stoop, kneel, crouch and crawl. [He] can frequently handle and finger with his bilateral upper extremities. He can have no more than occasional exposure to vibration and hazards such as unprotected heights. He is limited to simple, routine, repetitive tasks, and can make simple, work-related decisions. He can adapt to few, if any, workplace changes that are introduced gradually. [Plaintiff] cannot perform

work at a production pace rate, which is defined as work with an assembly line or
conveyor belt. He can have no contact with the public.

(Tr. 15-16). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant
work. (Tr. 21). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age,
education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert
and found that "there are jobs that exist in numbers in the national economy that [Plaintiff] can
perform[,]" (Tr. 21-22), such as Marker, Collator Operator, and Routing Clerk, (Tr. 22). The ALJ
concluded that Plaintiff "has not been under a disability . . . since May 28, 2019, the date the
application was filed[.]" (Tr. 23).

## IV.   DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds: (1) that the ALJ erred by not
finding Plaintiff's cervical spine problems as a severe impairment; and (2) the ALJ did not properly
consider the opinion evidence from Plaintiff's psychiatrist, Dr. Bhaskar Gowda.

### A.  Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal
requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v.
Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir.
2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a
court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence'
to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)
(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less
than a preponderance, but is enough that a reasonable mind would find it adequate to support the
Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also
Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## B.  Severe Impairments

Plaintiff's first argument is that the ALJ erred by not finding Plaintiff's cervical spine problems as a severe impairment.

At Step Two, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment," or "a combination of impairments that is severe," that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 416.909; 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including, among other things, understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision,

co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.922(b).

While the requirement of severity is "not a toothless standard," it is also not an "onerous requirement." *Kirby*, 500 F.3d at 707. Additionally, though it is Plaintiff's burden to prove the existence of severe impairments, "the burden of a claimant at this stage of the analysis is not great." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Id.* (quoting *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir.1996)). Further, the ALJ may not "pick and choose only evidence in the record buttressing his conclusion." *Taylor ex rel. McKinnies v. Barnhart*, 333 F. Supp. 2d 846, 856 (E.D. Mo. 2004).

Here, the Court finds that the ALJ did not commit reversible error by failing to find Plaintiff's cervical spine issues severe. The Court does note that the record before it contains a February 14, 2018 MRI showing some moderate stenosis and also that the State Agency physician found Plaintiff's back issues to be a severe impairment. (Tr. 65, 309). However, the record also contains another MRI, dated February 2, 2018, that finds no degenerative disease or stenosis. (Tr. 71). As the ALJ noted in her Decision, and the Commissioner points out, the MRI at issue pre-dates the relevant time period and the record does not contain any updated testing related to Plaintiff's cervical issues. The ALJ also notes that there are not "clinical observation of diminished sensation in the lower extremities" and that there is insufficient evidence of this issue during the relevant period. (Tr. 13). Additionally, the ALJ does mention Plaintiff's complaints of back pain in conjunction with the discussion of Plaintiff's rheumatoid arthritis, and how physical examinations often noted only some tenderness or none at all. (Tr. 18). Thus, it is clear that, while

the ALJ did not specifically find Plaintiff's cervical spine issues severe, the ALJ was aware of these complaints and considered them in formulating the RFC.

To the extent that the ALJ erred at Step Two with respect to Plaintiff's cervical spine issues, the Court finds that error was harmless in this case. Courts have held an error at Step Two may be harmless if the ALJ nonetheless considered all of a plaintiff's impairments, severe and non-severe, in his or her subsequent analysis. *See Fendler v. Saul*, No. 4:21-CV-614-SRW, 2022 WL 3153717, at *7 (E.D. Mo. Aug. 8, 2022) (citing *Spainhour v. Astrue*, 2012 WL 5362232, at *3 (W.D. Mo. Oct. 30, 2012) ("[E]ven if the ALJ erred in not finding plaintiff's shoulder injury and depression to be severe impairments at step 2, such error was harmless because the ALJ clearly considered all of plaintiff's limitations severe and nonsevere in determining plaintiff's RFC.")); *Givans v. Astrue*, No. 4:10-CV-417-CDP, 2012 WL 1060123, at *17 (E.D. Mo. March 29, 2012) (holding that even if the ALJ erred in failing to find one of the plaintiff's mental impairments to be severe, the error was harmless because the ALJ found other severe impairments and considered both those impairments and the plaintiff's non-severe impairments when determining Plaintiff's RFC). *See also* 20 C.F.R. § 416.945(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

### C.  Opinion Evidence

Plaintiff's second argument is that the ALJ did not properly consider the opinion evidence from Plaintiff's psychiatrist, Dr. Bhaskar Gowda. Specifically, Plaintiff argues that the ALJ did not properly articulate the supportability and consistency factors as required by statute.

Because Plaintiff filed his application after March 27, 2017, this Court applies 20 C.F.R. § 416.920c. Under the new regulations, an ALJ is no longer required to "defer to give any specific

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate the persuasiveness of such opinions by considering five factors: supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). The ALJ acknowledged application of these new regulations in her opinion. (Tr. 16).

Here, Dr. Gowda provided a Mental Residual Functional Capacity form. (Tr. 756-58). In this form, Dr. Gowda checked the boxes that Plaintiff was a Category IV, meaning it precludes performance for 20% of an 8-hour workday, in all four categories of mental abilities: understanding and memory; sustained concentration and memory; social interaction; and adaptation. (*See id.*). As support for these conclusions, Dr. Gowda reasoned that Plaintiff's schizoaffective disorder and his hallucinations distract him, and his paranoia makes it difficult to get along with people. (*Id.*).

In finding this opinion not persuasive, the ALJ explained the following:

This opinion is inconsistent with his progress notes that show some improvement with medications, especially as [Plaintiff] was continued on the same medications with little change by the time [the] form was completed. Further, it is inconsistent with the other medical evidence, as no other provider makes mention of his hallucinations, paranoia, or difficulty getting along with others. Finally, [Plaintiff] is able to live alone, without ongoing counseling, inpatient treatment, or interference from authorities, which can be construed as objective evidence that he is able to function at a higher level than this opinion describes. Since this opinion is not supported by the other medical evidence, nor the objective evidence, nor Dr. Gowda' own treatment records, it is not persuasive. Nevertheless, Dr. Gowda previously assessed [Plaintiff] should not operate heavy machinery, and should use caution when driving due to potential side-effects of his medication, and this warning is persuasive, though "caution" is not necessarily a complete prohibition on driving. The limitation of occasional exposure to hazards adequately addresses this assessment.

(Tr. 20) (internal citation omitted). Thus, based upon the above and an independent review of the record, the Court finds that the ALJ adequately explained his reasoning for finding Dr. Gowda's opinion not entirely persuasive. Plaintiff's argument that the ALJ did not provide a legally sufficient rationale for discarding this opinion is without merit because the ALJ followed the applicable regulations and did provide context surrounding her treatment of Dr. Gowda's opinion.

The Court acknowledges that the record contains evidence where Plaintiff was clearly struggling with his mental health, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). *See also Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) ("[T]his Court will disturb the ALJ's decision only if it falls outside the available 'zone of choice.'").

## V.   CONCLUSION

For all of the foregoing reasons, the Court finds the ALJ's Decision is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2022.